International & Great Northern Railway Company v.
L. D. Hoyt.

Decided November 26, 1902.

1.—Assumed Risk—Brakeman—Negligence of Engineer.

Where a brakeman, while uncoupling cars, was injured by reason of the negligent act of the engineer in backing the engine in an unusual and violent manner, and the brakeman's act in drawing the coupling pin was simultaneous with such act of the engineer, the risk was not assumed, since the brakeman could not have known of the negligence.

2.—Same—Knowledge of Danger in the·Work.

That the brakeman, as stated by himself, was on the lookout for danger while engaged in drawing the pin did not imply that he was looking for the violent and unusual movement of the engine, since one engaged in so hazardous an occupation should be constantly on the lookout for danger.

Appeal from the District Court of Bexar County.   Tried below before Hon. S. J. Brooks.

*G. S. McFarland* and *Denman, Franklin, Cobbs & McGown,* for appellant.

*Perry J. Lewis* and *H. C. Carter,* for appellee.

JAMES, Chief Justice.—This is an action for damages for personal injuries.   We conclude from the evidence, having due regard for the verdict, that plaintiff Hoyt received his injury by being caught between the engine and the car which he was engaged in uncoupling in the course of his duty; that he was not guilty of contributory negligence, nor the victim of an assumed risk, but that his injury was due to the act of the engineer in negligently, in a violent and unusual manner, backing the engine with such force as to cause it to violently collide with the cars upon their being uncoupled.   The facts will be stated further in the course of this opinion, where necessary.

Defendant asked the following instruction, which was refused:   "The court instructs you that if you believe from the evidence that when Hoyt pulled the coupling pin it released the cars and permitted them to run together, and he knew this danger when he pulled the pin, then he assumed the risk of so doing, and you will return your verdict for the defendant, even though you find the engineer was negligent in backing the engine."

This charge was asked with reference to plaintiff's theory, that as soon as the engine started backwards and the pin thereby became loosened, plaintiff drew it, and the undue force exerted by the engine at once forced the cars together.   The concluding words of the charge, "even though you find the engineer was negligent in backing the engine," show this.   The charge, in effect, amounted to this:   That although the negligent backing of the engine may have been the cause of the cars coming together and injuring plaintiff, yet if plaintiff knew of the danger created by such negligence at the time he pulled the pin, he assumed the risk and could not recover.   Plaintiff's theory and his proof were that he pulled the pin the moment the engine started backward.   How could plaintiff have known at the time he pulled the pin (which was just as the engine began to start backwards) that the engineer was negligently applying force to the engine?   It was not shown that plaintiff knew in advance, or had reason to know in advance, that the engineer would on this occasion negligently apply the power, and certainly plaintiff was not required to anticipate it.   A risk is not assumed except where the danger is known or is apparent, and the theory of this rule is that the person voluntarily exposes himself to the danger.   But under the circumstances here, the negligence of the engineer and the drawing of the coupling pin were practically simultaneous acts, and the question recurs, how could plaintiff have known of such

negligence in time to have acted with knowledge of it? The vice in the charge was in its inapplicability to the facts and conditions of the case. The charge was calculated to cause the jury, in passing on plaintiff's theory of recovery, to be governed by a fact that could not have existed.

Under the fourteenth assignment we find this proposition: "The evidence showing that plaintiff knew of the danger in attempting to uncouple the car in the manner in which he did, and there was a safe way of making it, he was guilty of contributory negligence in adopting the dangerous instead of the safer method of uncoupling the car from the engine." The proposition is in support of assignments charging that the undisputed evidence shows that plaintiff was guilty of contributory negligence and also assumed the risk. One argument is that if plaintiff had waited until the cars stopped, he could have uncoupled them safely. This is not the undisputed evidence. On the contrary it appears that the cars could not be uncoupled as they stood on the grade, that the pressure on the pin caused by the grade prevented their being uncoupled, and that it was necessary to move them, and while this tension was relaxed by the motion of the cars, to uncouple them. It therefore does not appear indisputably from the evidence that plaintiff was negligent in making the uncoupling in the manner and at the time he did.

Does it appear indisputably from the evidence that he assumed the risk of the danger of the cars coming together? Whatever strength this contention has, it derives from plaintiff's statement that when he stood on the footboard of the engine trying to pull the pin he was looking out for danger. This statement, taken in connection with his entire testimony, can not be held to imply that he was looking for a violent and unusual movement of the engine. It is well known that railroading is dangerous, and that perils lurk about one engaged in that occupation. He is required to exercise care for his safety, and naturally, if he regards this duty to himself, he is constantly on the lookout for danger. He may be on the alert without being charged with knowledge of a danger that has not presented itself. The assignment is not well taken for the reason that it does not appear indisputably from the evidence that plaintiff assumed the risk.

We have examined the testimony with regard to the alleged excessiveness of the verdict, and we conclude that it is not excessive.

*Affirmed.*

Writ of error refused.